### UNITED STATES v. HALL.

#### No. 132, Docket 22529.

United States Court of Appeals Second Circuit.

Argued Dec. 8, 1952.

Decided Jan. 7, 1953.

Samuel Segal, New York City, for appellant.

Frank J. Parker, U. S. Atty. Eastern District of New York, Brooklyn, N. Y.,

George W. Percy, Jr., Brooklyn, N. Y., Jeremiah J. Sullivan, U. S. Atty., Ridgewood, N. Y., of counsel, for appellee.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

PER CURIAM.

After a trial by jury, the appellant was convicted and sentenced on both counts of an indictment, one charging the acquisition of marijuana in violation of § 2593(a) of Title 26 U.S.C., and the other the transfer of marijuana in violation of § 2591 of the same Title. He relies for reversal upon the insufficiency of the evidence to support the verdict and upon trial errors.

■ There was adequate evidence which, if the jury found it credible as evidently it did, was sufficient to support the verdict. The record discloses no reversible error in that respect nor in the conduct of the trial. The judge did not, as he should, excuse the jury in compliance with Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C., while appellant's counsel excepted to parts of the charge but, as he gave a supplemental charge which instructed the jury in accordance with excepting counsel's view of the applicable law, the error was harmless. Nor did the questions asked by the judge of witnesses exceed the bounds of permissible discretion either in manner, number or subject matter. United States v. Aaron, 2 Cir., 190 F.2d 144, 146, certiorari denied 342 U.S. 827, 72 S.Ct. 50; Farish Co. v. Madison Distributing Co., 2 Cir., 37 F.2d 455, 459.

■■ Appellant's Exhibit E was a record of studio rentals kept by his witness Davis and apparently was a business record admissible under § 1732 of Title 28 U.S.C. However, its exclusion was harmless since Davis was permitted to read the record to the jury while he was testifying. Any error that may have occurred when the prosecuting attorney asked the appellant on cross-examination whether he had told a named assistant district attorney that he had been given a blue discharge from the army for non-adaptability "and for the use of marijuana" was cured by the refusal of the court to permit an answer and the prompt instruction of the jury to disregard the question. United States v. Aaron, supra.

Judgment affirmed.