UNITED STATES of America,
Appellee,

v.

Thomas DI DONATO, Appellant.

No. 291, Docket 27349.

United States Court of Appeals
Second Circuit.

Argued March 6, 1962.

Decided March 21, 1962.

Certiorari Denied June 11, 1962.

See 82 S.Ct. 1554.

James J. Hanrahan, New York City,
for appellant.

T. F. Gilroy Daly, New York City
(Robert M. Morgenthau, U. S. Atty. for
Southern Dist. of New York, and Sheldon
H. Elsen, Asst. U. S. Atty., of counsel),
for appellee.

Before LUMBARD, Chief Judge, and
KAUFMAN and MARSHALL, Circuit
Judges.

KAUFMAN, Circuit Judge.

After a trial before Judge Murphy and
a jury Thomas Di Donato was convicted
on a single count indictment charging
him with possession of 82 counterfeit $20
Federal Reserve Notes in violation of 18
U.S.C. § 472, and was sentenced to 5
years imprisonment.

The government's evidence showed that on December 15, 1960, Di Donato met one "Johnny" in a Manhattan restaurant and purchased the counterfeit bills specified in the indictment. Di Donato then proceeded to a tavern at 8th Avenue and 52nd Street where he was approached by two New York City detectives. Although the detectives were unaware at that time of the counterfeit bill transaction they escorted Di Donato out of the tavern and searched him. Upon finding the bills the detectives took appellant to a station house in the Bronx. En route Di Donato not only admitted the transaction with Johnny, but also conceded that the bills were counterfeit. Appellant later repeated this admission to a Secret Service agent who had been notified of the arrest by the police.

■ Appellant attacks his conviction on three principal grounds. First, he asserts that the counterfeit bills should not have been admitted into evidence because they were obtained by an unlawful search and seizure in violation of his constitutional rights. Second, he contends that the trial court committed reversible error by refusing to instruct the jury that it must acquit if the government failed to prove his guilt, although the court already had charged that a verdict of guilty could be returned only if guilt was proven beyond a reasonable doubt. Third, he claims that the trial judge, in answering a question by the jury concerning the effect of a recommendation of leniency, suggested that the defendant was guilty.

The first government witness was Secret Service agent Wilmer K. Deckard who had been summoned by the arresting detectives. The agent identified the bills found on Di Donato and stated that they were counterfeit. The government then offered the bills into evidence. At his request, defense counsel was then granted a *voir dire* of the agent. At its conclusion counsel stated he had "no objection" to the receipt of the bills in evidence as Exhibit 1. On resumption of the agent's testimony counsel experienced a change of mind and objected with an oblique reference to an unlawful search and seizure. Assuming *arguendo* that appellant's constitutional claim was correct, we hold that he waived any right he may have had to suppress the evidence. Rule 41(e), Fed.R.Crim.P., 18 U.S.C., provides that a motion to suppress evidence "shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion"; however, the court has discretion to entertain the motion at trial. Here the bills were obtained from the person of the defendant when he was arrested a year before his trial,[1] and he was aware of all the circumstances related to the alleged improper procuring of evidence long before the case came to trial. At no time between the arrest and trial did he move to suppress the evidence. In fact, on October 9, 1961, the day set for the making of defense motions, appellant took no action at all. This was ten months after the search and seizure of the notes. We do not have a case in which there was any legal uncertainty that suppression would be available if appellant's factual assertions were correct, Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960); nor was any reason or excuse offered at the trial for the failure to make the motion for suppression earlier. In United States v. Romero, 249 F.2d 371, 374 (2nd Cir. 1957) we held, under similar circumstances, that the motion was addressed to the discretion of the court; and concluded that where the motion was made after trial commenced, and more than three months after seizure, its denial was not an abuse of that discretion. We have already noted that in the instant case the motion was made after trial commenced and a year after the seizure. We conclude that here, as in Romero, the judge did not abuse his discretion. United States v. Sheba Bracelets, 248 F.2d 134, 139 (2nd Cir.), cert. denied 355 U.S. 904, 78 S.Ct. 330, 2 L.Ed.2d 259 (1957).

1. The search and seizure took place December 15, 1960; trial commenced December 18, 1961.

The court instructed the jury that the defendant was presumed innocent and that the government had the burden to prove he was not. Furthermore, the jury was told that "the quantum or the measure of proof" which was necessary before they could "lawfully * * * find the defendant guilty is referred to as proof beyond a reasonable doubt." This was defined, in part, as a doubt which "most nearly signifies one which the average person of ordinary prudence and intelligence has after weighing all the evidence carefully." Appellant does not contend that these instructions were wrong; he insists that they were inadequate. Specifically, he says it was reversible error for the court to refuse to instruct the jurors as requested that if there was a reasonable doubt in their minds as to his guilt, "they have a right to, and they must by duty" acquit him.

■■ It is difficult to perceive why the court refused to make explicit what was already implicit, namely, that if the government failed to prove the defendant's guilt beyond a reasonable doubt the jury must acquit. This is certainly the law, United States v. Pape, 144 F.2d 778, 781 (2nd Cir.), cert. denied, 323 U.S. 752, 65 S.Ct. 86, 89 L.Ed. 602 (1944), and it is surely crucial to a fair trial that the essence of the requested charge be conveyed to the jury. Although a defendant cannot complain of the court's refusal to charge exactly as he requests, United States v. Verra, 301 F.2d 381, 2nd Cir., 1962; United States v. Arrow Packing Corp., 153 F.2d 669, 671 (2nd Cir.), cert. denied, 327 U.S. 805, 66 S.Ct. 962, 90 L. Ed. 1030 (1946), he may justifiably complain when the court refuses to charge the correct law expressly, and thereby relies upon the jury's ability to infer it. If no objection is made there may be no error—if the inference is plain. However, when an objection is made, the trial judge ought to utilize the opportunity provided to correct oversight and to clarify the law for the jury. This is especially important in criminal cases in which the liberty of the defendant may depend upon every word the judge may say—or fail to say. For a judge must "be a light to jurors to open their eyes * * *." [2]

■ Nevertheless, in the present case we are unwilling to hold that the court's failure to give the requested charge was prejudicial error. The indictment contained but one count; the facts were simple. Despite the omission the charge adequately explained the government's burden of proof. [3] It would seem, therefore, that while the jury should have been apprised of its duty to acquit if the government failed to prove guilt, in the context of this case, the failure to give the instruction did not affect substantial rights and was harmless error.

2. Bacon, Speech 1617, when Justice Hutton was called to the bench of Common Pleas.

3. The Court, in discussing the government's burden stated:

"The defendant has pleaded not guilty. And you know that under our system he is presumed to be innocent. And that presumption stays with him until that moment in your deliberations when you decide that he is guilty beyond a reasonable doubt. * * *

"And now, a word about the burden of proof, and this is always important in a criminal case. I told you the defendant is presumed to be innocent. The fact that he has been accused by a grand jury does not destroy that presumption. The burden of proof, in the sense of the responsibility of persuading you ladies and gentlemen, rests upon the government. The quantum or the measure of proof necessary before you lawfully can find the defendant guilty is referred to as proof beyond a reasonable doubt.

"Now, by a reasonable doubt I do not mean a positive certainty. Proof beyond a conceivable doubt cannot be reached in the world of actuality, and neither is a reasonable doubt a decision arbitrarily reached because a juror has a reluctance to perform an unpleasant task. Nor is it a disbelief that we have based upon the natural sympathy that we are supposed to have for one another.

"Reasonable doubt most nearly signifies one which the average person of ordinary prudence and intelligence has after weighing all the evidence carefully."

(Appellant's Appendix, pp. 7–a, 10–a—11–a.)

Rule 52(a), Fed.R.Crim.P.; Pezznola v. United States, 232 F.2d 907, 915 (1st Cir.), cert. denied, 352 U.S. 834, 77 S.Ct. 53, 1 L.Ed.2d 54 (1956). Insofar as McKenzie v. United States, 75 U.S.App. D.C. 270, 126 F.2d 533 (1942) and Williams v. United States, 76 U.S.App.D.C. 299, 131 F.2d 21 (1942) suggest that the District of Columbia Circuit might reverse in a case where the constituent elements of the crime are complex, they are not apposite. If these decisions stand for an inflexible rule without regard to the simplicity of the case or the harmless error doctrine, we decline to follow them.

 Two hours after the jury retired to deliberate the trial judge received a note from the jury stating: "There is a question as to whether we can recommend leniency." The jury was brought back to the courtroom and the judge spoke to them as follows:

"Ladies and Gentlemen, * * * I suppose by that [note] you mean whether in returning your verdict you can recommend leniency. The answer is that *if* you arrive at a verdict of guilty you can recommend anything you want, but I must tell you in the same breath that it has no weight with me. *If* the man is guilty, on me alone, on my conscience, is the question of sentence, but that doesn't prevent you from recommending anything you want. But I want it perfectly understood that *if* your verdict is that the man is guilty, what punishment he should get is my problem, not yours at all.

"So, would you please retire now." Tr. p. 224 (italics added).

Appellant claims that this instruction (in addition to his claim of an 'inadequate" charge on reasonable doubt, a contention which we have found without merit) "compelled one verdict—guilty." Appellant's Brief, p. 7. We disagree. Indeed, the court's firm instruction that punishment was not to be considered by the jury and that any recommendation it may make had "no weight with me" was proper. This made it quite clear to any juror inclined to compromise that the verdict was not to be adulterated by considerations extraneous to the jurors' function.

 Appellant's contention that he should have been allowed to object to the charge in the presence of the jury is so wholly without merit that it requires no comment. United States v. Hall, 200 F. 2d 957, 958 (2nd Cir. 1953); Rule 30, Fed.R.Crim.P.

Affirmed.