**UNITED STATES of America,**
**Appellee,**

v.

**Randolph WATTS, Defendant-Appellant.**

United States Court of Appeals
Second Circuit.

Argued June 14, 1963.

Decided June 21, 1963.

Gretchen White Oberman, New York City (Anthony F. Marra, New York City, on the brief), for defendant-appellant.

Peter K. Leisure, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for the Southern Dist. of New York, on the brief), (Arthur I. Rosett, Asst. U. S. Atty., of counsel), for appellee.

Before LUMBARD, Chief Judge, and KAUFMAN and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge.

This is an appeal by Randolph Watts from a judgment of conviction entered by the United States District Court for the Southern District of New York, Palmieri, J., after trial by jury, upon a three-count indictment charging violations of the federal narcotics law, 21 U. S.C. §§ 173, 174. He was sentenced to serve five years in prison on each of the three counts, the sentences to run concurrently. We affirm the conviction.

At the time that federal narcotics agents arrested the defendant in his apartment on February 23, 1962, they seized 32 glassine envelopes containing heroin and a case containing equipment for cutting narcotics. Before trial the defendant moved to suppress this evidence, which was referred to in Count II of the indictment, on the ground that it was the product of an illegal search because of the failure of the government agents to obtain an arrest warrant.

Judge McGohey held a hearing and denied the motion, and trial commenced the same day. During presentation of the Government's case, Judge McGohey granted defendant's motion for a mistrial and ordered him committed to Bellevue Hospital for observation as to his competence to stand trial. In granting the motion, Judge McGohey said that "the denial of the motion to suppress is without prejudice to renewal if and when the case is brought to trial." On May 7, 1962, the defendant was released from Bellevue, having been found competent to stand trial, and on May 25 a new trial began before Judge Palmieri. In his opening to the jury, counsel for defendant for the first time mentioned his intention again to claim that the evidence taken during the search of Watts' apartment had been illegally seized and should be suppressed. Judge Palmieri declined to entertain a motion to that end on the ground that defendant had failed to raise the issue in advance of trial, as Rule 41 (e) of the Federal Rules of Criminal Procedure requires he do and as he easily might have done during the period from May 7 to May 25.

Rule 41(e) of the Federal Rules of Criminal Procedure provides that a motion for suppression of evidence alleged to be the product of an unlawful search and seizure "shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion. * * * *" In the present case the defendant had ample opportunity to make his motion in advance of trial and, as his earlier motion at the first trial indicates, a clear awareness in advance of trial of the grounds for such a motion. Yet he waited until more than three months after the seizure and until the trial was under way to raise the search and seizure issue. The district court did not abuse its discretion in refusing to conduct a hearing at that late date. United States v. DiDonato, 301 F.2d 383 (2 Cir.), cert. denied, 370 U.S. 917, 82 S.Ct. 1557, 8 L.Ed.2d 497 (1962); United States v. Romero, 249 F.2d 371 (2 Cir., 1957).

In seeking to avoid this result, defendant claims that he reasonably construed Judge McGohey's order—denying the motion for suppression "without prejudice to renewal if and when the case is brought to trial"—as "directing the motion to suppress to be renewed when the case was again brought to trial," rather than before trial in accordance with Rule 41(e). But, a reading of the transcript of the trial clearly indicates that defense counsel at the trial did not misconstrue Judge McGohey's order as other defense counsel on this appeal contends he did. When trial counsel sought to raise the search and seizure issue in his opening statement and Judge Palmieri ruled that that defense was waived because not raised in advance of trial, counsel did not dispute Judge Palmieri's understanding of when the motion to suppress should have been made. He stated that he believed there were grounds for suppressing the evidence, contingent on a jury verdict of acquittal on the first and third counts, which "could not be brought up at the time of the motion to suppress." He acquiesced without comment in Judge Palmieri's suggestion that the matter be raised in "an appropriate request to charge after the evidence is in." When the government sought to introduce in evidence items seized at the time of the defendant's arrest, counsel objected on the ground that the property had been unlawfully seized, stating: "I expect to bring it up on the charge, and I thought I would have it on the record." Thereafter, outside the hearing of the jury, counsel stated that his understanding of Judge McGohey's order was that he could renew the motion to suppress at trial "if the trial developed it."

From a reading of the record it is plain that whatever may have been trial counsel's misapprehension of Judge McGohey's order, he did not believe that the order had set aside the requirements of Rule 41(e). He stated expressly that he objected to the use of the seized property only if the defendant were acquitted on Counts I and III; he conceded the lawfulness of the arrest if, as proved to be the case, the defendant were found guilty on those counts. At every point in the trial where the issue was raised, he manifested his agreement with Judge Palmieri's ruling on the timeliness requirements of a motion to suppress. He never requested a hearing on a motion to suppress and never objected to the manner in which Judge Palmieri disposed of his claims. That being so, it can hardly be urged on appeal that Judge Palmieri abused his discretion in declining to conduct a hearing.

Affirmed.