UNITED STATES of America

v.

George **AUBEL**, Petitioner.

United States District Court
S. D. New York.
Oct. 14, 1964.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, for United States, Richard A. Givens, New York City, of counsel.

George Aubel, pro se.

HERLANDS, District Judge:

Petitioner is a prisoner in Sing Sing Prison, serving a sentence of from seven and one-half years to eight years. This sentence was imposed as a result of petitioner's having pleaded guilty in the New York Supreme Court, County of Bronx, on November 19, 1963, to a charge of robbery in the third degree. Petitioner was sentenced as a second felony offender. The former conviction had occurred after trial in the United States District Court for the Southern District of New York on October 4, 1962, in connection with a violation of 18 U.S.C. § 484, splitting and recombining United States currency. The sentence on the federal conviction had been a $25 fine and a suspended sentence of one year and one day.

Petitioner seeks to vacate the 1962 federal conviction by way of a motion in the nature of coram nobis addressed to this court, United States v. Morgan, 202 F.2d 67 (2d Cir. 1953), aff'd, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

Petitioner's basis for attack is that, during the trial before Judge Noonan, sitting without a jury, evidence was introduced, over petitioner's trial counsel's objection, which had allegedly been illegally seized.

Petitioner did not appeal the federal conviction. The reason now asserted by the petitioner for his not having prosecuted an appeal is that his trial counsel had advised him that the fact of a suspended sentence would not justify the expense of an appeal, in light of petitioner's poor financial condition.

■ At no time before or during the trial before Judge Noonan did petitioner make a motion under Rule 41(e) of the Federal Rules of Criminal Procedure to suppress the allegedly illegally seized evidence. This defect would have been fatal had petitioner taken a timely appeal and is fatal now upon the present collateral attack. See United States v. Angelet, 255 F.2d 383 (2d Cir. 1958).

■■ Failure to make the required motion under Rule 41(e) constitutes a waiver of the right to object to the introduction of illegally seized evidence. Even if Judge Noonan had treated petitioner's objection to the introduction of the evidence, at trial, as a Rule 41(e) motion, and had denied it, the granting of such a motion at trial is discretionary; and a denial of the motion will not be disturbed on appeal if the defendant was aware before trial of all of the circumstances surrounding the Government's acquisition of the evidence. E. g., United States v. Nicholas, 319 F.2d 697 (2d Cir.), cert. denied, 375 U.S. 933, 84 S.Ct. 337, 11 L.Ed.2d 265 (1963); United States v. Watts, 319 F.2d 659 (2d Cir. 1963); United States v. Di Donato, 301 F.2d 383, 384 (2d Cir.), cert. denied, 370 U.S. 917, 82 S.Ct. 1557, 8 L.Ed.2d 497 (1962); United States v. Romero, 249 F.2d 371, 374 (2d Cir. 1957). The present case falls within the operation of the above principles.

Accordingly, it is unnecessary to consider whether petitioner has alleged facts indicating an illegal seizure.

The petition for leave to proceed *in forma pauperis* is granted.

The within motion in the nature of coram nobis is denied. So ordered.