**UNITED STATES of America**

v.

**William F. McDONOUGH.**

**No. 4151 Misc.**

United States District Court
W. D. Pennsylvania.

March 3, 1967.

Gustave Diamond, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Martin M. Sheinman, of Morris, Safier & Teitelbaum, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

WEBER, District Judge.

William F. McDonough, listed as the Defendant in the above caption, has filed a Motion to Suppress Evidence under Federal Rule of Criminal Procedure 41, on the grounds that the evidence was illegally seized, without warrant and without probable cause.

This Motion has been docketed as Miscellaneous No. 4151 because the criminal proceedings, U. S. A. v. William F. McDonough at No. 65–300 Criminal, has been terminated by a plea of guilty and sentence and the action has been concluded. The United States of America moves to dismiss the Motion to Suppress because there is no longer any criminal proceeding in existence. The purpose of the Motion to Suppress as stated is to prevent the use of the seized materials by the Internal Revenue Service in the determination of any civil tax liability.

We are convinced that a Motion to Suppress under Federal Rule of Criminal Procedure 41(e) will not lie at this time. Motion to suppress must be timely made and usually before trial, or it is waived. United States v. Di Donato, 301 F.2d 383 [2nd Cir., 1962], cert. den. 370 U.S. 917, 82 S.Ct. 1557, 8 L.Ed.2d 497.

Furthermore, a motion to suppress evidence under Federal Rules of Criminal Procedure 41(e) is properly directed only to its use in a criminal prosecution against him. Lord v. Kelley, 334 F.2d 742 [1st Cir., 1964].

While the owner of property claimed to have been wrongfully seized

may have some right to its return subsequent to a criminal prosecution, he cannot obtain the return of the property after plea and sentence under the provisions of the Federal Rules of Criminal Procedure 41(e). Bartlett v. United States, 317 F.2d 71 [9th Cir., 1963]. As stated in the *Bartlett* case (cit. supra), "The burden is always on a plaintiff litigant to find the right court and the right remedy." (p. 72.)

## ORDER

And now this 3rd day of March, 1967, Motion of the United States of America to dismiss is granted, and the Motion to Suppress is denied.