**UNITED STATES of America,**

v.

**Harold Lawrence BLASIUS, a/k/a H. Lawrence Blasius, a/k/a B. Lawrence, Defendant.**

**No. 63 Cr. 836.**

United States District Court
S. D. New York.

Nov. 28, 1967.

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, Charles J. Fanning, New York City, of counsel, for the United States.

Grossman, Grossman & Feigen, New York City, Louis Grossman, New York City, of counsel, for defendant.

OPINION

POLLACK, District Judge.

Defendant seeks an order dismissing the Information herein against him, charging, interception of his mail by the Government, opening of that mail and even answering of such mail by the Government. He seeks a full disclosure by the United States Post Office Department and the United States Patent Office and all other authorities of the Government allegedly involved as to what they learned from the opening of each letter. He charges a direct violation of the Fourth Amendment of the United States Constitution prohibiting illegal searches and seizures, a direct violation of the Fifth Amendment barring self-incrimination and a direct violation of the Sixth Amendment protecting defendant's right to counsel without interference. The moving affidavit made by defendant's attorney recites that no previous application for this or any similar relief has been made to this or any other Court. The motion

was made after this cause was sent out for trial and a trial date set.

The Information was filed on October 8, 1963 and a plea of not guilty was entered on October 17, 1963. On or about August 20, 1964 the defendant's attorney, having learned that certain mail emanating from the defendant had been received by the Patent Office and returned not to the defendant but to the sender, requested "a full and complete explanation" from the Patent Office and from the Postmaster in Washington, D. C. On September 2, 1964 the Postmaster replied stating that the mail in question was inadvertently delivered to the United States Patent Office because it had an overflow office in the same building in which the defendant conducted business.

The Postmaster also stated that an effort would be made to prevent a recurrence of the subject error and that the mail in question was misdirected unintentionally and through no one's direction. The defendant charges that this explanation was entirely erroneous and false because a check by him with the owner of the building indicated no such overflow office at that building. Various pieces of the mail misdelivered to the United States Patent Office were addressed "United States Patent Search Bureau" or "Washington Patent Office Search Bureau". These were assumed names used by the defendant in his business but were not, at the times in question, filed as such in the office appropriate therefor.

The Solicitor of the Patent Office replied to the inquiry of defendant's counsel on September 14, 1964 stating that the mail had been received by the Patent Office, apparently by error and he explained that since papers included in some of such mail were entitled "Application for U. S. Letters Patent" with no identification on the papers of a person or firm registered with the Patent Office, it believed that it had no choice other than to return the misdelivered material directly to the sender, which it did, enclosing a pamphlet therewith entitled "General Information Concerning Patents" and directing attention to the section dealing with Registered Attorneys and Agents and pointing out that when no attorney or agent has been appointed, all notices, official letters and other communications will be sent to the applicant.

The defendant's attorney was dissatisfied with this reply believing that the mail should have been returned to the Post Office for redelivery to the proper party and he so advised the Postmaster by letter dated October 12, 1964. He received no response to that letter and wrote again on November 20, 1964 asking what would be done about the situation. This brought forth a response from the General Counsel of the Post Office Department on December 9, 1964 in which he stated that the mistake was made because of the similarity of names and the proximity of defendant's office to the U. S. Patent Office. The General Counsel further stated that the mail was routinely opened in the Patent Office mail and therefore he did not believe there was any intentional misconduct on either the part of the Patent Office or the Postmaster.

Defendant's counsel promptly accused the General Counsel of the Post Office Department of improperly condoning the conduct of the Patent Office and again demanded a response. He stated on January 18, 1965 in a letter to the Postmaster General that "our client feels that this was done at someone's direction and instructions, and we have been authorized to institute any type of proceeding necessary in order to get to the bottom of this entire matter. However, we have heard of your reputation for fairness and are therefore calling this situation to your attention for such action as you will deem appropriate under the circumstances." One month later on February 15, 1965 the defendant's attorney communicated with the newly installed Secretary of Commerce calling attention to his letter of January 18, 1965 a copy of

which had been sent to his predecessor and requesting some response as to what action was being taken to avoid the alleged unlawful tampering with the defendant's mail in the future.

By letter of February 25, 1965 defendant's counsel received a response from the Assistant Secretary of Commerce pointing out that the name of the addressee included the words "Patent Office", that the Patent Office maintained a branch at 1426 G Street, N. W., that the delivery of the letter in question to the Patent Office was accidental and that its opening was an error of a type which it is almost impossible to avoid completely in the operation of an office receiving as much mail as the Patent Office does. Assurances for the future were included to the effect that if there was any mail of the defendant inadvertently delivered to the Patent Office and accidently opened, it would be resealed and returned to the Post Office for delivery to the addressee. This was confirmed in a subsequent letter of March 5, 1965 further stating that no disciplinary action was deemed to be in order.

Defendant's counsel then turned to the Subcommittee on Administrative Practice and Procedure of the Senate Judiciary Committee and asserted the grievance there. He was told he would be asked to testify before the Subcommittee and it was suggested that until then, he should not push litigation. Counsel for defendant did testify before the Subcommittee on March 29, 1966. The record discloses nothing further on this score.

The matter rested in this posture until the instant motion was made returnable on November 27, 1967.

The moving papers indicate that certain pieces of mail postmarked in February 1965 (2), July 1965, and August 1965 (3) were either opened by the Post Office or having been transmitted in bad condition were sealed up and then marked "Officially Sealed". None of the contents are shown to have any conceivable connection with this case    Defend-

ant's counsel contended that since he was engaged in confidential correspondence with his client the defendant herein and the defendant was engaged in correspondence with possible witnesses for the trial of this action during the period, he infers, he says reasonably, that this confidential correspondence "must have come into the hands of the Government." No piece of such mail between attorney and client was submitted as bearing any evidence of having been molested and at the oral hearing on this motion, defendant's counsel conceded that he had no proof thereof to submit.

The motion papers do not specify the Rule under which the motion is made. On the argument, counsel for defendant stated he was relying on Rules 12 and 41 of the Federal Rules of Criminal Procedure and the motion will be so treated.

There is no evidence that the defense of the defendant to the charge was interfered with. The Information was filed many months before the earliest mail incident. The charge herein is based on fifty (50) advertisements placed in national magazines and two pieces of mail sent years before the mail items which have generated this motion. Defendant's counsel conceded that he had no evidence of interference with mail flowing between the defendant and his lawyer during the pendency of this action and there is no substantial evidence that mail between defendant and an actual witness has been the subject of any impropriety.

A hearing on the instant motion, even if appropriate, would work a delay of the trial. Counsel for the defendant states that this motion was not made at an earlier date because he did not know whether the U. S. Attorney's office had abandoned this matter and because the Assistant in charge of this case, as well as his superior, claimed that they knew nothing about the alleged mail tampering when advised thereof by defendant's counsel.

The delay in bringing this case to trial seems to be largely attributable to the

fact that one or the other of counsel herein has been occupied with other legal or non-legal matters in the interim. Adjournments have been alternately required by respective counsel and obtained from the Court, generally on agreement of counsel. A similar case pending in the U. S. District Court for the District of Columbia was in progress during the period here involved and was possibly looked upon as a test of the scope of the statute and of the conduct involved. The case has been tried, the statute construed and the defendant there has been convicted. An appeal is currently pending and is subjudice. Both parties now seek to proceed herein without waiting for the decision on appeal from the conviction involved in the other case and this case has been set for trial for December 4, 1967.

The sufficiency of the Information herein was tested by motion under Rule 12(b) of the Federal Rules of Criminal Procedure and that motion was denied with opinion on May 6, 1964, 230 F.Supp. 995 (Cannella, J.).

▮ Whatever grounds may have existed to suppress evidence were known to the defendant's counsel more than 2 years before this motion was made. Suffice to say that no good cause has been shown for the inordinate delay in raising the question in Court. A hearing on charges devoid of a showing of substance and based principally on surmises is not warranted and in the exercise of discretion the Court denies that branch of the motion. United States v. Sansone, 231 F.2d 887, 892 (2 Cir. 1956), cert. den. 351 U.S. 987, 76 S.Ct. 1055, 100 L.Ed. 1500; United States v. Nicholas, 319 F.2d 697 (2 Cir. 1963), cert. den. 375 U.S. 933, 84 S.Ct. 337, 11 L.Ed.2d 265; United States v. Watts, 319 F.2d 659 (2 Cir. 1963).

No sufficient basis has been shown for relief under Fed.R.Crim.P. 12, dismissal of the Information, or Fed.R. Crim.P. 41, suppression of evidence.

The motion is in all respects denied.

So ordered.