UNITED STATES of America,
Appellee,

v.

James NICHOLAS, Defendant-Appellant.

No. 366, Docket 27933.

United States Court of Appeals
Second Circuit.

Argued June 3, 1963.

Decided June 26, 1963.

James M. Brachman, Asst. U. S. Atty.,
New York City (Robert M. Morgenthau,
U. S. Atty. for Southern District of New
York, Arthur I. Rosett, Asst. U. S. Atty.,
New York City, on the brief), for appel-
lee.

Dennis J. Kenny, New York City (Anthony F. Marra, New York City, on the brief), for defendant-appellant.

Before LUMBARD, Chief Judge, CLARK, Circuit Judge, and BARTELS, District Judge.

BARTELS, District Judge.

Appellant was convicted, after trial without a jury, for knowingly receiving and concealing illegally imported marihuana, in violation of 21 U.S.C. §§ 173 and 174, and for acquiring marihuana without having paid the requisite tax, in violation of 26 U.S.C. §§ 4744(a) and 7237(a).

■ On April 17, 1961, at 5:30 P.M., narcotics agents Schrier, Fluhr and Benjamin proceeded to apartment 6-I at 3609 Broadway, Manhattan, for the purpose of enlisting the efforts of Nicholas in obtaining information relative to narcotics violations in Harlem. The agents had received information from a paid informer whose past reliability had been substantiated, to the effect that Nicholas and his common law wife Myrtle Harper were selling heroin at that apartment. This intelligence accorded with other information of the Bureau of Narcotics and with the appellant's criminal record, including three narcotics offenses. As Fluhr was about to knock, the door of the apartment was opened by Harper, who on learning the identity of the agents, threw herself upon Fluhr and screamed "police, police." Thereupon the agents entered the apartment and Schrier saw Nicholas shatter a window through which he threw a paper bag containing heroin, which one of the agents retrieved from the bottom of the air shaft next to the window. During this period the agents restricted the liberty of Nicholas in the apartment and this was sufficient to constitute an arrest. Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959). The ensuing search of the bedroom resulted in the discovery by the agents of a quantity of marihuana.

Although the indictment was filed on January 22, 1962, it was not until the first day of the trial on May 15, 1962, that Nicholas moved to suppress the evidence, which the court denied both upon the merits and upon the ground of untimeliness under Rule 41(e), Fed.Rules Crim. Proc., 18 U.S.C.

Appellant claims that reasonable grounds did not exist for the arrest, that an improper entry was made in violation of 18 U.S.C. § 3109, that consequently the search and seizure was invalid, and that the motion having been heard upon the merits, could not be denied for untimeliness.

■■ In this case the agents were provided with information of sufficient specificity to authorize them under 26 U.S.C. § 7607(2) to make the arrest without a warrant and to thereafter make the accompaying search and seizure. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); Spurlock v. United States, 295 F.2d 387 (9 Cir., 1961), cert. denied, 369 U.S. 877, 82 S.Ct. 1149, 8 L.Ed.2d 280 (1962); United States v. Volkell, 251 F.2d 333 (2 Cir.), cert. denied, 356 U.S. 962, 78 S.Ct. 1000, 2 L.Ed.2d 1068 (1958). The screaming and fracas at the door corroborated the agents' prior information and caused them to change their intention from obtaining information from Nicholas to that of making an arrest. When Harper threw herself upon Fluhr and yelled "police," the agents had no opportunity to announce their purpose and were justified in believing that she had jumped to the conclusion that the agents were present for the purpose of making an arrest, thus making an announcement a useless gesture. Cf., Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963).

■■ Equally without merit is the contention that no alternative ruling could be made on the basis of untimeliness. The purport of Rule 41(e) was the efficient dispatch of the trial of criminal cases without the prejudice resulting from untimeliness. United States v. Volkell, supra; United States v. Sheba Bracelets, Inc., 248 F.2d 134 (2 Cir.), cert. denied, 355 U.S. 904, 78 S.Ct. 330, 2 L.Ed.2d 259 (1957); cf., United States

v. Rees, 193 F.Supp. 849 (D.Md.1961). This is particularly true in a narcotics case, with respect to which Congress in 1956 enacted 18 U.S.C. § 1404, granting the Government the unique right to immediately appeal from an order granting a pre-trial motion to suppress.

We are grateful to Dennis J. Kenny, Esq., who, as assigned counsel, has vigorously represented appellant in the preparation and presentation of this appeal.

The judgment of conviction is affirmed.