No. 22611.

Gerald Robert Morgan v. The People of the
State of Colorado.
(444 P.2d 386)

Decided August 19, 1968.

JOHN HOYMAN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES F. PAMP, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

PLAINTIFF in error Gerald R. Morgan, hereinafter called defendant or Morgan, was charged with the crime of burglary and was found guilty as charged by a jury.

Plaintiff seeks reversal of the judgment of the trial court, contending that (1) the trial court erred in refusing to hear a motion to suppress evidence filed on behalf of the defendant on the afternoon before the trial on the merits, and (2) the trial court erred in failing to grant a mistrial when the People questioned the defendant about a glove which was never identified or placed into evidence. We find no error and affirm.

I.

Rule 41(e), Colo. R. Crim. P. provides that:

"* * * The motion [to suppress evidence] shall be made before trial or hearing unless opportunity therefor did not exist or defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing."

Morgan filed his motion to suppress on the afternoon before the day on which the trial was to begin, and he contends that he was therefore within the time

prescribed by the rule, and that the court was as a result required to hear the motion. The record in this case reveals that counsel for Morgan entered his appearance on February 28, 1966, and that Morgan was arraigned on March 14, 1966. At the arraignment, counsel informed the court that he intended to file motions which would go to the question of search and seizure. The motion to suppress was not filed, however, until 35 days later. The motion attacked the sufficiency of the search warrant on various legal grounds. All the grounds raised therein were clearly apparent in the record from the very first time counsel appeared. Defendant knew the gun which was the object of the motion to suppress was taken from him on February 18, 1966, and the search warrant which counsel attacks was available to him at all times for a period of six weeks prior to the date the motion was filed. The trial court held that under the circumstances the motion was not timely filed, and we find no error in that holding.

■■ Before *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L Ed. 2d 1081, evidence even though seized in violation of the Fourth Amendment, was admissible in Colorado. *Wolf v. Colorado,* 338 U.S. 25, 69 S.Ct. 1359, 93 L. Ed. 1782. As a result of *Mapp,* the federal exclusionary rule laid down in *Weeks v. United States,* 245 U.S. 618, 38 S.Ct. 219, 62 L. Ed. 513, became applicable to the states, and in consequence the federal decisions applying that rule became apposite. The federal courts have pointed out that the purpose of 41 (e) is to prevent, whenever possible, the introduction of a collateral issue (that of whether the police acted improperly) into the trial on the issue of guilt. They have unqualifiedly held that where a motion to suppress has been filed on the morning of the trial, it is not timely. See *United States v. Nicholas,* 319 F.2d 697 (2d Cir.), *cert. denied* 375 U.S. 933, 84 S.Ct. 337, 11 L. Ed. 2d 265; *United States v. Allied Stevedoring Co.,* 241 F.2d 925 (2d Cir.), *cert.*

*denied* 353 U.S. 984, 77 S.Ct. 1282, 1 L. Ed. 2d 1143, and *United States v. Sansone,* 231 F.2d 887 (2d Cir.), *cert. denied* 351 U.S. 987, 76 S.Ct. 1055, 100 L. Ed. 1500.

We do not think the states should be held to a more rigid rule regarding waiver for failing to timely file a motion to suppress than are the federal courts, and we decline to do so here.

■ Nor does the fact that the motion was filed the afternoon *before* the day of the trial require a different result. Rule 45(d), Colo. R. Crim. P., which must be read in conjunction with Rule 41(e), provides that "A written motion, other than one which may be heard ex parte, and notice of hearing thereof, shall be served not later than five days before the time specified for the hearing . . . ." Reading the two rules together, we find that they adequately preserve the defendant's right to raise his Fourth Amendment issue, while carrying out the salutary purpose of not commingling the Fourth Amendment issue with the guilt issue. Rule 41(e) also adequately protects a defendant who is unable to raise the issue until time of trial. We cannot say that as a matter of law under the state of this record the trial court abused his discretion when he refused to hear the motion.

## II.

■ There is no substance to defendant's contention that the State's unsuccessful attempt to obtain an identification of a glove by the defendant on cross-examination required a mistrial. Only one question was asked defendant concerning the glove and that was whether defendant could identify it. When the defendant said he had never seen it and had no connection with it, the prosecution immediately closed any further reference to it. Under such circumstances, we fail to see how there could be any prejudice to the defendant. No error requiring a mistrial results from the mere fact that counsel attempts to lay a foundation for the introduction of

some piece of evidence and fails, and thereupon desists in his effort to introduce the item into evidence.

The judgment is affirmed.

MR. JUSTICE KELLEY not participating.