**UNITED STATES of America,
Appellee,**

v.

**William Francis MALONEY et al.,
Defendants, Appellants.**

**No. 7149.**

United States Court of Appeals
First Circuit.

Nov. 5, 1968.

Francis J. Kierman, Providence, R. I., by appointment of the Court, for appellants.

William J. Gearon, Asst. U. S. Atty., with whom Edward P. Gallogly, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Solely in accordance with what is confessedly standard hospitality to strangers passing through the town of Lincoln, Rhode Island, its police on May 4, 1967, at 10 A.M. stopped a car with a Massachusetts license plate and requested the registration and the license of the driver. The defendant driver, having proven remiss in the latter particular, was then extended the courtesies of the police station, where it was ascertained that the car belonged to a rental agency with which neither he nor his companion had contractual relations. In due course the driver and his companion were indicted under the Dyer Act, 18 U.S.C. § 2312. On July 21 counsel (not present counsel) entered an appearance and obtained permission to file motions, including a motion to dismiss and a motion to suppress evidence. Said motions not being filed, the case was reached for trial on November 7 and a jury was empanelled. Counsel then again sought and received permission to file a motion to suppress. The following day, before the jury was brought down, the court heard argument on the motion, the defendants contending that stopping without cause was an unlawful arrest, cf. Henry v. United States, 1959, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134, and counsel stating that difficulties of communication with his clients and overwork had delayed the filing of the motion. The court denied the motion as untimely. Defendants were convicted and now appeal. Their sole ground is the court's denial of their motion.

The appeal is without merit. F.R.Crim.P. 41(e) expressly gives the court discretion to find a motion untimely in these circumstances. Permitting it to be filed late, so that the court can view it, is not an exercise, or waiver, of that discretion. United States v. Nicholas, 2 Cir., 1963, 319 F.2d 697, cert. denied 375 U.S. 933, 84 S.Ct. 337, 11 L.Ed.2d 265. Indeed, a court may go further and hear the merits without sacrificing its right to find the motion untimely. United States v. Volkell, 2 Cir., 1958, 251 F.2d 333, cert. denied 356 U.S. 962, 78 S.Ct. 1000, 2 L.Ed.2d 1068; United States v. Sheba Bracelets, Inc., 2 Cir., 1957, 248 F.2d 134, cert. denied 355 U.S. 904, 78 S.Ct. 330, 2 L.Ed.2d 259. Only in a case of the most flagrant abuse of a defendant's rights would we review such discretionary denial. Defendants' cases are not to the contrary. Cf. United States v. Blalock, E.D.Pa., 1966, 253 F.Supp. 860. In the case at bar defendants were adequately repre-

sented and aware of the evidence against them for months preceding their trial. If counsel found communication difficult, this is chargeable to the defendants, not to the court.

Affirmed.