Louis D. COSCO, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 4296.

Supreme Court of Wyoming.

May 15, 1974.

John A. MacPherson of Brimmer, MacPherson & Golden, Rawlins, Larry Berryman, Senior Law Student, Laramie, for appellant.

Clarence A. Brimmer, Atty. Gen., Bert T. Ahlstrom, Jr., Asst. Atty. Gen., Cheyenne, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and McCLINTOCK, JJ.

Justice McINTYRE delivered the opinion of the court.

The defendant, Louis D. Cosco, was tried and convicted of the crime of aggravated assault and battery on a fellow inmate at the Wyoming State Penitentiary. Several assignments of error are made on behalf of Cosco, by his court-appointed attorney.

An instruction objected to states:

"The rule which clothes every person accused of crime with the presumption of innocence, imposes upon the State the burden of establishing his guilt, beyond a reasonable doubt. To establish the guilt of the defendant beyond all reasonable doubt, is not meant that such guilt shall be established to an absolute certainty. Absolute certainty in the establishment of any fact is rarely attainable and never required in Courts of Justice."

It will be noted that the court's instruction pertaining to reasonable doubt does not attempt to give a full or complete definition of the term "reasonable doubt." However, it does restrict and define the term by saying it does not mean "to an absolute certainty." To that extent the trial court has indulged in an attempt to define reasonable doubt.

We observed in Alcala v. State, Wyo., 487 P.2d 448, 460, reh. den. 487 P.2d 467, cert. den. 405 U.S. 997, 92 S.Ct. 1259, 31 L.Ed.2d 466, reh. den. 406 U.S. 911, 92 S. Ct. 1613, 31 L.Ed.2d 823, that the term "reasonable doubt" need not be defined and a trial court would be well-advised to avoid instructions on reasonable doubt. Therefore, an instruction purporting to define reasonable doubt should not be given.

We again reviewed the matter of giving a reasonable-doubt instruction in Bentley v. State, Wyo., 502 P.2d 203, 206. In that case we said the phrase "reasonable doubt" is self-explanatory and definitions do not clarify its meaning but rather tend to confuse the jury. We also said instructions defining it [reasonable doubt] are unnecessary and should not be given. Our conclusion in Bentley was:

"* * * that portion of this instruction, or any other instruction attempting to define reasonable doubt, should not be given for the reasons set forth in the above discussion on the reasonable doubt instruction."

A recent decision made by the Oklahoma Criminal Court in Wilson v. State, Okl.Cr., 403 P.2d 262, 264, held that it was error for the trial court to give an instruction which attempted to define "reasonable doubt." See Orrill v. State, Okl.Cr., 509 P.2d 930, 933. Also, the Illinois Supreme Court, as recent as 1969, has expressly ruled that where an involved instruction on reasonable doubt is given, it may be deemed prejudicial error. People v. Cagle, 41 Ill.2d 528, 244 N.E.2d 200, 204.

We cannot help being aware that, although the Wyoming Supreme Court has more than once warned against the giving of an instruction on reasonable doubt, it is still being given by some trial judges. The author of this particular opinion has heretofore taken the position that reasonable doubt need not be defined and a trial court would be well-advised to avoid instructions on reasonable doubt; but that the giving of such an instruction is not necessarily error per se, in the absence of an affirmative showing that prejudice has resulted.

█ As far as the case now before us is concerned, however, a majority of the court is of the opinion that the case must be reversed for new trial, with directions not to give the instruction defining reasonable doubt or any other similar instruction.

█ Our disposition of this case should make it clear that hereafter our court will consider it reversible error to give a confusing instruction defining reasonable doubt. This opinion shall, nevertheless, be construed prospectively and not retroactively. It shall not necessarily apply to any case already tried. Moreover, the relief of habeas corpus, post-conviction relief, or any special proceeding, in a case heretofore tried, shall not be predicated on this opinion.

Several other assignments of error have been made, but we do not deem it necessary to discuss any of them at length because they are not likely to cause difficulty on a new trial. These assignments have to do with the lack of counsel at defendant's preliminary hearing; whether the trial court invaded the province of the jury by reciting language from the information indicating the victim was assaulted with a deadly or dangerous weapon, to-wit, a knife; a matter pertaining to prejudicial news reports, which is not at all likely to re-occur; and the closing argument of the prosecution, which is also not likely to re-occur.

In light of what we have said, the case is reversed and remanded to the district court for new trial, with directions that the instruction on reasonable doubt, and no other similar instruction, shall be given.

Reversed and remanded for new trial.