**Tim Mark LEWALLEN, Appellant (Defendant below),**

v.

**The STATE of Wyoming, Appellee (Plaintiff below).**

No. 4424.

Supreme Court of Wyoming.

May 28, 1975.

Richard G. Miller, Casper, for appellant.

David B. Kennedy, Atty. Gen., Fred C. Reed, Deputy Atty. Gen., Cheyenne, and Melvin Okamoto, Senior Law Student, Laramie, for appellee.

Before GUTHRIE, C. J., and Mc-CLINTOCK and THOMAS, JJ.

McCLINTOCK, Justice.

Tim Mark Lewallen appeals from his conviction of driving while under the influence of intoxicating liquor entered in the District Court of Natrona County, Wyoming. The appellate brief expressly disclaims any attack upon the finding of intoxication and claims only that there is no proper proof that defendant did drive any motor vehicle within the state while so intoxicated. The facts were as follows.[1]

On October 13, 1973 Richard Timperley, a Wyoming highway patrolman was called from his home at approximately 2:25 a. m. to go to the scene of an accident on West Yellowstone near Casper. As he was traveling west on the bypass he observed a car sitting on the eastbound lane with the headlights on. He stopped, observed a person sitting or slumped over the wheel, went to check, and found the appellant. Officer Timperley, for his own protection, believing the defendant might have been "playing possum" with intent to do him harm, kicked the door in an attempt to arouse the defendant. When the appellant could not be aroused Officer Timperley opened the door. After opening the door he failed to arouse appellant. Officer Timperley observed that the defendant was alive, breathing and warm, the headlights were on, the motor was running, and the transmission was in park. To avoid the possibility that appellant might leave or hurt himself, Officer Timperley removed the keys, shut off the headlights, leaving the park lights on, locked the doors to the vehicle, and went on to the scene of the accident. All of this occurred approximately one minute before 2:39 a. m.

---

1. This statement of the facts is taken from appellant's brief. We have checked the record and find it to be accurate and fair.

After investigating the accident and returning to the police department, Officer Timperley left the police department at 3:36 a. m., arrived back at appellant's vehicle, and called in the license number at 3:41 a. m. The first time the officer stopped at appellant's vehicle, on the way to investigate the accident, he detected a very strong odor of a type ordinarily associated with intoxicating beverages. Upon his return, after investigating the accident, Officer Timperley had to literally pick up appellant inasmuch as he was not capable of standing on his own and offered no resistance whatsoever. Officer Timperley asked appellant if he had been drinking, where he had been drinking, and whether or not he was alone, to which the defendant responded he had been to a party and he had taken everyone home, but he was not very conversant, reciting just bare basic answers. The defendant spoke very little and his words were mumbled and muttered. Just prior to leaving the scene Officer Timperley again asked appellant if he was alone, to which he answered, "Did everybody else go home?" The defendant was given the implied consent warning, submitted to the test, and the results of the test revealed a blood alcohol content of .10. The test was given between 3:50 and 3:55 a. m. October 13, 1973.

Upon this record appellant contends that the evidence as to driving the automobile is entirely circumstantial and that in such case, under the authority of State v. Paulas, 74 Wyo. 269, 286 P.2d 1041 (1955), and Mulligan v. State, Wyo., 513 P.2d 180 (1973), not only is it necessary to show that the circumstances all concur to show that the defendant committed the crime, but the circumstances must all be inconsistent with any other rational conclusion. Without repudiation or denigration of this principle we hold that the trial court under the facts of this case was justified in finding that no other *rational* inference could

be drawn from the evidence, and affirm the conviction.

In doing so we find ample support for our position from other states, the most recent decision being State v. Fuchs, N.D., 219 N.W.2d 842 (1974), where the facts were briefly as follows (219 N.W.2d at 845):

"* * * Fuchs was found sitting in the driver's seat at the wheel of the vehicle, with the engine running, the headlights and brake lights on, the car doors locked, and with no other person in proximity * * *."

The court referred to previous decisions[2] bearing on circumstantial evidence, which holdings we interpret to be much in line with our statements in *Paulas* and *Mulligan*, that is, that the evidence must exclude every reasonable hypothesis of innocence, but also that the appellate court does "not substitute our judgment for that of the jury or trial court where the evidence is conflicting, if one of the conflicting inferences reasonably tends to prove guilt and fairly warrants conviction." The court continued (219 N.W.2d at 846):

"In the instant case, we believe that the evidence excludes all reasonable hypotheses of innocence on the part of Fuchs, and that the determination of the jury with respect to the inferences should not be overturned by· this court, as those inferences tend to prove guilt on the part of Fuchs and fairly warrant his conviction."

In State v. Eckert, 186 Neb. 134, 181 N.W.2d 264 (1970) the defendant's motor vehicle had been found parked on the highway, with defendant slumped over the steering wheel in a drunken stupor, alone in the vehicle and no other person in proximity thereof, no liquor or containers were found in the car, the vehicle was not moving and the motor was not running, and defendant stated that he had no recollec-

2. State v. Kaloustian, N.D., 212 N.W.2d 843 (1973); State v. Miller, N.D., 202 N.W.2d 673 (1972); State v. Champagne, N.D., 198 N.W.2d 218 (1972); and State v. Carroll, N.D., 123 N.W.2d 659 (1963).

tion of what had happened since he had left Madrid until he was awakened by the police.

Citing State v. Ohler, 178 Neb. 596, 134 N.W.2d 265, 268 (1965)—reference to which case discloses that Nebraska accepts the rule that circumstantial evidence must be "inconsistent with any reasonable hypothesis of innocence,"—the Nebraska court said in *Eckert*, 181 N.W.2d at 268:

"* * * The evidence is sufficient, although circumstantial, to sustain the finding that defendant operated his motor vehicle on a public highway while under the influence of intoxicating liquor."

In State v. Brown, 5 Or.App. 412, 485 P.2d 444, 446 (1971), defendant had been found slumped over the wheel of an automobile parked alongside the main traveled portion of a highway, the engine stopped, the hood warm, with defendant in such a condition that he had to be assisted from the car, and there were other indications of intoxication. In pertinent part the court rejected defendant's contention on appeal that the evidence did not establish the crime charged to "a moral certainty and to the exclusion of every other reasonable hypothesis * * *", the court saying after reviewing the evidence we have just summarized:

"* * * This was sufficient evidence, apart from defendant's admission, from which a court or jury could infer beyond a reasonable doubt that the defendant had driven the automobile on a public highway to the place where it was parked shortly before the officers arrived on the scene."

As rational alternatives to the inference that he was driving the automobile in question defendant suggests several alternatives, none of which he claims to be supported by evidence but to represent reasonable hypotheses. We think that in making these suggestions, e. g., that defendant may have been taking medication which with a minimum of alcohol could have re-

sulted in his passing out; that he had had car trouble, kept the engine running and lights lit but became intoxicated after the vehicle was stopped; that he might have been left in the vehicle by another in the condition he was found, defendant reverts to mere speculative possibilities and does not present rational alternatives. In State v. Englehart, 158 Conn. 117, 256 A.2d 231, 233 (1969) it is said:

"Emphasis needs to be placed on the distinction between the word 'reasonable' and the word 'possible.' * * * Proof of guilt must exclude every reasonable supposition of innocence. It need not exclude every possible supposition of innocence. * * * '[A] mere "possible hypothesis" of innocence will not suffice.' State v. Tomassi, 137 Conn. 113, 129, 75 A.2d 67, 75."

We therefore are of the opinion that the only rational inference for the trial court to reach was that defendant had been driving the automobile and that his conviction must be affirmed.