Howard BLAKELY, Appellant
(Defendant below),

v.

STATE of Wyoming, Appellee
(Plaintiff below).

No. 4501.

Supreme Court of Wyoming.

Nov. 21, 1975.

John W. Davis, Worland, signed the brief and appeared in oral argument on behalf of appellant.

V. Frank Mendicino, Atty. Gen., Timothy J. Judson, Special Asst. Atty. Gen., Frank R. Chapman, Legal Intern, Cheyenne, and Stanley F. Freedman, Law Student, Prosecution Assistance Program, University of Wyoming, Laramie, signed the brief.

Timothy J. Judson, Cheyenne, and Frank R. Chapman, Law Student, appeared in oral argument on behalf of appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

RAPER, Justice.

The defendant-appellant was charged, tried, found guilty by a jury and sentenced for misbranding livestock, a felony.[1] He charges three errors of the trial court in this appeal: (1) the trial court erred in ruling that defendant's motions to dismiss and suppress were untimely and further erred in repeating this ruling upon the defendant's objections to the introduction of evidence gained in two searches preceding his arrest; (2) the trial court erred in refusing to give defendant's instruction "A" which cautioned the jury not to employ evidence giving rise to mere suspicion or conjecture of guilt; and (3) the trial court erred in refusing to include with the "circumstantial evidence" instruction the words "to the exclusion of all others."

## SEARCH AND SEIZURE

The defendant was charged originally on the count of which he was convicted and another of cattle stealing. He first entered a plea of not guilty to the charges on May 3, 1974; on the same date the case was set for trial to begin May 22, 1974. On May 22, 1974, the defendant changed his mind and entered a plea of guilty to the charge of stealing cattle and the county attorney dismissed the charge of misbranding. On July 31, 1974, the defendant had another change of heart and, by leave of court, withdrew the plea of guilty and entered a plea of not guilty. The charge of misbranding was reinstated, to which a plea of not guilty was entered. On the same latter date the case was set for trial on August 14, 1974.

On August 8, 1974, the defendant filed a motion to suppress evidence of the seizure of the cattle which had been overbranded, because of an allegedly invalid search warrant, which had been executed on April 17, 1974. The motion was noticed by mail on the same date for hearing on August 13,

1. Section 11-564, W.S.1957, states: "Whoever brands, or alters or defaces the brand of any horse, mule, sheep or neat cattle, of value, the property of another, with intent thereby to steal the same or to prevent the identification thereof, is guilty of a felony and shall be imprisoned in the penitentiary not more than five years."

1974, at 3:00 p.m. August 8, 1974 fell on Thursday. August 13, 1974 came on Tuesday of the following week. The trial judge heard evidence and argument on the date at the hour set. He did not rule on the merits of the motion but held it untimely. The motion was reasserted on and off during the trial which started the following day.

The first issue involves no more than the simple construction of rules, an ability to read a calendar and the application of elementary arithmetic to the formula provided by the Wyoming Rules of Criminal Procedure. How and when? It has long been recognized even before the rules that a court is not required to halt the progress of a trial and consider the incidental question of search and seizure, which is independent of the real question of guilt or innocence. A claim of illegal search must be presented to the court *seasonably* before trial. *Weeks v. United States*, 1914, 232 U.S. 383, 396, 34 S.Ct. 341, 345–346, 58 L.Ed. 652, 657, L.R.A. 1915B, 834, 843, Ann.Cas.1915C 1177, 1181; *Nardone v. United States*, 1939, 308 U.S. 338, 341–342, 60 S.Ct. 266, 268, 84 L. Ed. 307, 312.

Rule 40(e), W.R.Cr.P., in pertinent part, is as follows:

"A person aggrieved by an unlawful search and seizure may move the district court for the county in which the property was seized for the return of the property and to suppress for use as evidence anything so obtained * * *. The motion shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial." [2]

W.R.Cr.P. 43(a) sets out the formula for computation of time:

"In computing any period of time, the day of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday. When a period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation. As used in these rules, 'legal holiday' includes all holidays officially recognized as legal holidays in this state.".

W.R.Cr.P. 43(c), in pertinent part, is as follows:

"A written motion, other than one which may be heard *ex parte*, and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing unless a different period is fixed by rule or order of the court. * * *" [3]

W.R.Cr.P. 43(d) adds time when service is by mail:

"Whenever a party has a right or is required to do an act within a prescribed period after the service of a notice or other paper upon him and the notice or other paper is served upon him by mail, three days shall be added to the prescribed period."

Counsel for defendant certified in writing on the motion that it was deposited in

2. Substantially the same as Fed.R.Cr.P. 41 (e), before its amendment in 1972. Federal Rule 41(e) now anticipates that motions to suppress be made under the provisions of Fed. R.Cr.P. 12, such motions to be filed before arraignment or within a reasonable time thereafter. There was a mixup between the Supreme Court of the United States and Congress so Rule 12 is not clear in that respect. See 8A Moore's Federal Practice—Criminal Rules, 2d Ed. § 41.08, pp. 41–96.

3. No different local rule of court appears in the record. The court did not by order set a different period. It was noticed for the time set by the defendant's notice, through counsel, attached to the motion and signed by counsel.

the United States mail on the 8th day of August, 1974, addressed to the county attorney; defendant claims, however, that it was personally served. The county and prosecuting attorney raised no objection to the hearing scheduled for the day before trial. In any event, minimum notice, even if personal service was made, under these rules, would fall on August 16, 1974, two days after the trial was set to start.

The rules with respect to time must be read along with Rule 40(e), all of which are in mandatory language, with the total result under the facts of this case being that a motion to suppress "shall" be made before trial and "shall" be served not later than five days before the time specified for the hearing, excluding the intervening Saturday and Sunday. The motion was thus not timely filed. The rules direct what is timely and *seasonable* and thus conform to *Weeks* and *Nardone*, supra.

An identical interpretation of these rules is found in *Morgan v. People*, 1968, 166 Colo. 451, 444 P.2d 386, where it was said that reading the two rules together adequately preserves the defendant's right to raise his Fourth Amendment issue without commingling it with the guilt issue. According to *Jones v. United States*, 1960, 362 U.S. 257, 264, 80 S.Ct. 725, 732, 4 L. Ed.2d 697, 704, 78 A.L.R.2d 233, 241,[4] the purpose of Federal Rule 41(e) requiring the motion to suppress before trial, is to eliminate disputes over police conduct not relevant to the question of guilt.

The defendant had over three months in which to file his motion to suppress. There is no showing made by the defendant that the motion was not earlier filed because opportunity therefor did not exist or the defendant was not aware of the grounds for the motion. The trial court did not abuse his discretion when he ruled the motion untimely nor did he abuse it during the trial in refusing to further entertain the motion. Any delay is attributable to no one but the defendant himself. This case had been previously set for trial and on that trial date the defendant changed his plea and within about a month changed his plea back to not guilty. One wishing to preclude the use of evidence obtained through a violation of his constitutional rights must protect himself by timely action. If he has had an opportunity to suppress the evidence before trial and has failed to take advantage of his remedy, objection to the evidence upon the trial will not avail him. A defendant has the duty to protect himself and he should not be allowed to make his own rules of procedure.

We can see no merit in any argument that since the court heard the motion, he was obliged to rule on it. It was well-ordered procedure for him to do so, and an act of grace as well. It at least allowed the trial judge to be aware of the circumstances of the search before some interruption should occur during the trial and catch him flatfooted with a serious question in discretion. A court is entitled to some fair notice as well, particularly in the murky complexities of search and seizure. Judges are not always prepared to hand down a decision instanter. Now, the defendant must abide the consequences of his tardiness. "Viewing" a motion does not "sacrifice" the right of the trial judge to declare it untimely. *United States v. Maloney*, 1 Cir. 1968, 402 F.2d 448, 449, cert. den. 394 U.S. 947, 89 S.Ct. 1283, 22 L.Ed. 2d 481.

4. The full quotation is as follows:
 " * * * This provision of Rule 41(e), requiring the motion to suppress to be made before trial, is a crystallization of decisions of this Court requiring that procedure, and is designed to eliminate from the trial disputes over police conduct not immediately relevant to the question of guilt. See *Nar-* *done v. United States*, 308 U.S. 338, 341–342, 60 S.Ct. 266, 267–268, 84 L.Ed. 307; *Segurola v. United States*, 275 U.S. 106, 111–112, 48 S.Ct. 77, 79, 72 L.Ed. 186; *Agnello v. United States*, 269 U.S. 20, 34, 46 S.Ct. 4, 7, 70 L.Ed. 145; *Adams v. New York*, 192 U.S. 585, 24 S.Ct. 372, 48 L.Ed. 575. * * *"

## SUSPICION OR CONJECTURE

 The defendant complains that the court should have given an offered particular instruction warning the jury against evidence creating only a probability of guilt as mere suspicion or conjecture of guilt.[5] The offered instruction was not an erroneous statement of principle, having been taken from *State v. Rideout*, Wyo. 1969, 450 P.2d 452, 454–455. By the court's opening instruction, the jury was instructed as to its function and manner of performance and it was stated: "This duty you shall perform with sincere judgment and sound discretion, uninfluenced by sentiment, conjecture, or by passion or prejudice against any of the litigants in this case, or by public opinion or public feeling. * * *"

As said in *Mares v. State*, Wyo.1972, 500 P.2d 530, 539:

"* * * It is of course not error for the trial court to refuse a requested instruction, even if it states a correct principle applicable to the case, when the subject has been covered properly and sufficiently by other instructions. * * *"

Other instructions were generous to the defendant in clothing him with a presumption of innocence and implored the jury to "exclude all reasonable doubt of the guilt of the Defendant." The quoted phrase bars the jury from acting upon suspicion and conjecture. Furthermore, to have given the instruction would be an attempt to partially define reasonable doubt. It is prohibited by *Cosco v. State*, Wyo.1974, 521 P.2d 1345. Conjecture, suspicion and probabilities are ingredients of doubt.

## CIRCUMSTANTIAL EVIDENCE

The trial judge gave the following instruction concerning circumstantial evidence:

"In this case the State is relying solely on circumstantial evidence and you are instructed it is a well-established rule of law that, where circumstantial evidence alone is relied upon, the circumstances when considered together must point clearly and conclusively to the guilt of Howard Blakely and exclude every reasonable hypothesis other than that of guilt."

The defendant wanted added to that the words "to the exclusion of all others."

 The instruction, as given, was more than the defendant was entitled to, let alone adding anything to it. It is realized that the instruction delivered is consistent with past rulings of this court and we are not critical of the trial court in following *Mulligan v. State*, Wyo.1973, 513 P.2d 180, 181, and the cases there cited. However, in the federal judicial system and outside the State of Wyoming, we see a metamorphosis taking place, in the making for over 20 years, so no sudden fad to change is represented. *Holland v. United States*, 1954, 348 U.S. 121, 139–140, 75 S. Ct. 127, 137, 99 L.Ed. 150, 166, reh. den. 348 U.S. 932, 75 S.Ct. 334, 99 L.Ed. 731, announced:

"* * * The petitioners assail the refusal of the trial judge to instruct that where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt. There is some support for this type of instruction in the lower court decisions, [Citing cases], but the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect, [Citing cases]." [6]

Within the concept of Wyoming jurisprudence, a proper jury instruction on rea-

---

5. The offered but refused Instruction "A" was as follows:

 "Circumstantial evidence may be sufficient to prove the essential elements of a crime but evidence creating a mere probability of guilt is not sufficient, much less evidence which gives rise to mere suspicion or conjecture of guilt."

6. Justice Clark explained:
 "Circumstantial evidence in this respect is intrinsically no different from testimonial evidence. Admittedly, circumstantial evi-

sonable doubt within the scope of *Holland* is by use of the words "reasonable doubt" themselves without further definition. The phrase "reasonable doubt" is considered self-explanatory. *Cosco v. State*, supra.

There is no need for us to remain hidebound to a rule that is wishy-washy, misleading and constantly raising questions as here. *Holland* has shown the way. Circumstantial evidence has been unfairly maligned and misunderstood by both some of the judiciary and lay people and has not been given the respect to which it is entitled. Circumstantial evidence has "both standing and stature." [7] Without it, the guilty would escape. It must not be given inferior status. The careful bonding together of facts passes the test of logic: If this and this and this are true, then that must be true.[8]

Upon authority of *Holland*, many states are now turning to the concept that circumstantial evidence should be measured upon the same basis as direct evidence. Maine recently joined with the growing list: *State v. Jackson*, 1975, 331 A.2d 361, 365. Alaska, on authority of *Holland*, discontinued and dispensed with the necessity of the outmoded instruction on circumstantial evidence; *Jordan v. State*, supra note 8, 481 P.2d at 386. Kansas has taken a like course, *State v. Wilkins*, 1974, 215 Kan. 145, 523 P.2d 728, 736; as has Rhode Island, *State v. Murphy*, 1974, R.I., 323 A.

2d 561, 565; Colorado, *People v. Bennett*, 1973, 183 Colo. 125, 515 P.2d 466, 469; Delaware, *Henry v. State*, 1972, Del.Supr., 298 A.2d 327, 330; Arizona, *State v. Harvill*, supra note 7; Maryland, *Metz v. State*, 1970, 9 Md.App. 15, 262 A.2d 331, 335; Nevada, *Vincze v. State*, 1970, 86 Nev. 546, 472 P.2d 936, 937; New Jersey, *State v. Ray*, 1964, 43 N.J. 19, 202 A.2d 425, 432. See also the concurring opinion in *State v. Stuart*, 1970, 51 Haw. 656, 466 P.2d 444, 451, citing *Holland* with approval.

The new rule must be put into some usable form. 1 Devitt & Blackmar Fed. Jury Instr. 2 Ed., 1974 Pocket Part, § 11.02, p. 92, sets it out in a way which we suggest as a model:

"There are two types of evidence from which you may find the truth as to the facts of a case—direct and circumstantial evidence. Direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness; circumstantial evidence is proof of a chain of facts and circumstances indicating the guilt or innocence of a defendant. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case. After weighing all

dence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more."

7. *Corbett v. People*, 1963, 153 Colo. 457, 387 P.2d 409, cert. den. 377 U.S. 939, 84 S.Ct. 1346, 12 L.Ed.2d 302, contains a splendid treatment and history of the value of circumstantial evidence in the review of the trial of the murderer of Adolph Coors, III. *Corbett* is cited only for its discussion of circumstantial evidence, still valid. It was de-

cided under the outmoded rule, here in question. Since that case, Colorado has adopted the *Holland* rule. See *People v. Bennett*, infra. See also *State v. Harvill*, 1970, 106 Ariz. 386, 476 P.2d 841, discussing that court's reasons for drawing no distinction as to the weight to be assigned direct or circumstantial evidence. Its discussion of circumstantial evidence is a fine dissertation on the subject.

8. A high degree of certainty can be achieved through circumstantial evidence. As said in a sophisticated way in *Jordan v. State*, Alas. 1971, 481 P.2d 383, 387:

"* * * Such evidence can produce a configuration of proof so interrelated that the whole acquires convincing properties not derivable from a mere summation of each atomistic part."

the evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt, you must find him not guilty." [9]

*People v. Bennett,* supra, at footnote 1, contains the Colorado jury instruction along similar lines, likewise suggested as a model:

" '4:1 *Direct And Indirect (Circumstantial) Evidence—Defined*

" 'There are two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence—such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of facts or circumstances from which the existence or non-existence of other facts may reasonably be inferred.

" 'As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting a defendant, the jury be satisfied of the defendant's guilt beyond a reasonable doubt from all the evidence in the case.' "

▮▮▮▮ An instruction explaining circumstantial evidence is for jury consumption. It does not in anywise change the standard of review in a criminal case by this court which remains as stated in *Harris v. State,* Wyo.1971, 487 P.2d 800, 801. This court will "view the evidence in a light most favorable to the prosecution and determine questions of law as to whether there is substantial evidence, direct or circumstantial, or both, which, with the reasonable inferences that may be drawn therefrom, will sustain the verdict."

We expressly overrule that portion of *Mulligan v. State,* supra, and any other decision of this court which is inconsistent to the holding in this case with respect to circumstantial evidence.

There was no prejudicial error.

Affirmed.

THOMAS, Justice, concurring, in which GUTHRIE, Chief Justice, joins.

I concur in all that is said in the majority opinion.

I am persuaded that the circumstantial evidence instruction which was given in this case, while unquestionably the object of prior approval by this Court,[1] is fundamentally erroneous in the light of *Cosco v. State,* Wyo., 521 P.2d 1345 (1974). A perusal of the Wyoming cases relating to this instruction demonstrates that it had its genesis in the context of a complete explanation of the term "reasonable doubt." In *Cosco v. State,* supra, the Court gave an instruction defining reasonable doubt which resulted in a reversal for a new trial "with directions not to give the instruction defining reasonable doubt or any other similar instruction." *Cosco v. State,* supra, at p. 1346.

---

9. At pages 95–96 of the same pocket part the author notes what courts have to say about the rule we eliminate:

"The statement that circumstantial evidence must exclude every hypothesis other than guilt is simply another way of saying that the defendant must be found guilty beyond reasonable doubt, and need not be given in express terms. [Citing case.] * * * The court is not required to instruct the jury specially on the probative force of circumstantial evidence. [Citing case.] Courts consistently hold that a defendant is not entitled to an instruction that circumstantial evidence must exclude every reasonable hypothesis other than guilt, when a proper reasonable doubt instruction is given. [Citing cases.] Instruction that 'circumstan-

tial evidence alone must be of such force as to exclude every hypothesis of innocence. . . . ' held more favorable to the defendant than he had a right to. [Citing case.] When the jury is properly instructed on reasonable doubt, an additional instruction on circumstantial evidence is not necessary even though the court of appeals is committed to the proposition that conviction based on circumstantial evidence must be reversed unless the record shows circumstances inconsistent with any reasonable hypothesis other than one of guilt. [Citing case.]"

1. *State v. Paulas,* 74 Wyo. 269, 286 P.2d 1041 (1955); *Thompson v. State,* 41 Wyo. 72, 283 P. 151 (1929); *Gardner v. State,* 27 Wyo. 316, 196 P. 750, 15 A.L.R. 1040 (1920).

Therefore, in Wyoming we no longer define "reasonable doubt," but in a case involving reliance upon circumstantial evidence only by the state we do advise the jury, in effect, that to find the defendant guilty beyond a reasonable doubt, "the circumstances when considered together must point clearly and conclusively to the guilt of [the defendant] and exclude every reasonable hypothesis other than that of guilt." I am compelled to view this language as an "instruction defining reasonable doubt or any other similar instruction" within the purview of the opinion in *Cosco v. State,* supra. I further am compelled to suggest that the giving of such an instruction is clear and fundamental error, and the cases approving it no longer should be followed in this jurisdiction. Instead, the form of instruction should be modified to encompass the explanation set forth in *Holland v. United States,* 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954), or perhaps language similar to that found in *People v. Bennett,* 183 Colo. 125, 515 P.2d 466, 469 (1973). As given here the instruction violates the spirit and perhaps the letter of a rule espoused in territorial days that the state is not required to prove guilt beyond a possible doubt. *Cornish v. Territory,* 3 Wyo. 95, 3 P. 793 (1884), and *Horn v. State,* 12 Wyo. 80, 73 P. 705 (1903). Establishing guilt "conclusively" is very like proving it beyond a possible doubt.

McCLINTOCK, Justice, dissenting.

I do not think the trial court exercised a discretion when it refused to adjudicate the merits of defendant's motion to suppress evidence and would therefore reverse the case and remand to the trial court with instructions to adjudicate the merits. Since I find no other error in the proceedings, I would require it only to consider the evidence as presented and resolve the question in such manner that its action can be reviewed by this court upon any law questions should an appeal be taken. I have deliberately failed to examine the evidence and reach any conclusion as to the

merits of the motion because I do not think that we should determine the sufficiency of or weigh evidence prior to the trial court.

Since I see no need for a new trial before a jury and am concerned as to the legal propriety of rendering opinions on questions not specifically before the court and argued by counsel upon a record clearly showing the need for consideration of the point, I would not undertake to overrule *Mulligan v. State,* Wyo., 513 P.2d 180 (1973), and other undesignated decisions of this court which have established a rule concerning the effect of circumstantial evidence and the instructions that should be given to the jury.

It has been said by the Supreme Court of the United States that the purpose of the principle first established by court decision and later formalized as Rule 41(e), F.R.Cr.P. (our Rule 40(e), W.R.Cr.P.) is that consideration at the trial of the manner in which papers or other articles used in evidence have been obtained would

> "halt in the orderly progress of a cause and consider incidentally a question which has happened to cross the path of such litigation and which is wholly independent of it." *Segurola v. United States,* 275 U.S. 106, 112, 48 S.Ct. 77, 79, 72 L.Ed. 186 (1927).

To the same effect is *Nardone v. United States,* 308 U.S. 338, 342, 60 S.Ct. 266, 268, 84 L.Ed. 307, pointing out that dispatch in the disposition of criminal cases is essential, and

> "[t]o interrupt the course of the trial for such auxiliary inquiries impedes the momentum of the main proceeding and breaks the continuity of the jury's attention."

As stated by the majority, "A claim of illegal search must be presented to the court *seasonably* before trial." Rule 40(e) does not use the word "seasonably" and I cannot read it as governing the disposition of this appeal since to my way of thinking there can be no question but that a motion

brought on for hearing the day before the trial is to begin is "made before trial." The majority, as was the Supreme Court of Colorado in *Morgan v. People,* 166 Colo. 451, 444 P.2d 386 (1968), is then forced to go to another rule, 43(a) and (c) relating to times for giving notice of hearing, and hold that since the motion and notice were not timely served, the motion could not properly be heard on the day it was heard, notwithstanding the fact that the county attorney filed no objection and participated in the hearing and argument without asserting any interruption of or jeopardy to the proceedings. The trial judge similarly did not indicate any concern that there would be interruptions or delay, merely stating that:

> "The Court is not ruling on the validity of the search. * * * The Court is going to rule that there is an absence of special circumstances in this case and the Court rules that the defendant was represented by competent counsel throughout all this time from April the 30th, 1974, to the present date, Mr. Davis. The Court rules that the motion was untimely filed."

If the purpose of the rule is to prevent interruptions of the trial and it can be said that hearing and deciding a motion to suppress the day before the trial results in such interruption, the majority view does not solve the problem since, as I interpret the opinion, if notice had been given on Tuesday instead of Thursday, there would have been compliance with Rule 43(a) and (c) and the trial judge would have been obligated to hear the motion on the same date that it was actually heard. If the majority intend to vest authority in the trial judge to hear or not hear the motion, even if timely notice is given, when in the discretion of the trial judge it is filed or brought up for hearing at a date too close to the trial, then this court is drafting a new rule of criminal procedure. I am not concerned with the merits of such a change and note that the comparable federal rule had been amended in a way that

may eliminate the problem with which we are confronted, but I cannot agree to the amendment of rules of procedure on a case to case basis.

Moreover, bearing in mind the purpose of the rule as stated by the federal Supreme Court, I do not think that we may properly say in this case that its orderly progress has been halted or that the jury's attention has been broken. While it is true that the suppression of the evidence might leave the prosecutor without a case, that is a necessary result of violation of Fourth Amendment rights, incorporated into our own constitution as § 4 of Art. I.

*Morgan,* supra, may be indistinguishable in principle, but I cannot agree that it has reached either a proper or logical result and do not think that application of Rule 43(a) and (c) can be used to achieve a result not contemplated by Rule 40(e). It has always been my understanding that provisions of the rules relating to notice of hearing have been enacted in furtherance of the salutary principle that no one should be required to participate in a hearing unless he has had sufficient notice of the time and place to be prepared intelligently and competently to present his side of the case. This has led the federal courts, in passing upon civil contempt citations growing out of refusal to answer questions propounded by a grand jury, uniformly to hold that five-day notice provisions of Rule 6(d), F.R.C.P., similar if not identical to our Wyoming Rule 6(d), W.R.C.P. and Rule 43(c), W.R.Cr.P., do not impose

> "a hard and fast rule, and that technical compliance may be dispensed with if 'it is shown that a party had actual notice and time to prepare to meet the questions raised by the motion of an adversary * * *.' *Herron v. Herron,* 5 Cir., 255 F.2d 589, 593." *Marshall Durbin Farms, Inc. v. National Farmers Organization, Inc.,* 446 F.2d 353, 358 (5 Cir. 1971).

In ruling upon objection that five days notice had not been given, it was said in

*United States v. Weinberg*, 439 F.2d 743, 746 (9 Cir. 1971) that the rule

"also provides that a different period may be fixed by the court. In effect, that is what happened here; the district court denied appellants' motion for a continuance and ordered that the section 2514 proceeding be had almost immediately after the respective appellant had refused to testify before the grand jury."

If a different time for hearing may be fixed in advance, it is contrary to reason to hold that the requirement of five days notice is mandatory. If the court may in advance fix a time for hearing within a less time than contemplated by the rule, why may it not proceed to hearing on lesser notice, thereby ratifying what defendant's counsel may have had every reason to expect was agreeable to all? The real point of my dissent, however, is that requirements of notice can be waived, and I think that the county attorney in this instance clearly waived his right to insist upon a notice for the full period fixed in the rule. Assuming only for the purposes of this case that a situation might exist where the court would have the right to ignore the county attorney's waiver and of its own motion invoke the time restrictions, I think that it would have to be for some good cause, not shown to have existed in this case. I therefore conclude that the refusal to rule upon the motion was not an act of discretion.

With respect to the statement of a new instruction as to circumstantial evidence, I can add little to what I said in the opening paragraphs of this dissent. As I read the former opinions of the court, it has attempted over the years to come up with workable standards to be applied in the appraisal of such evidence. In *Mulligan v. State, supra,* which along with other undesignated decisions of this court is now overruled, we did not deal with the instruction which had been given but were concerned as to whether the evidence adduced was sufficient to sustain a conviction for possession of marihuana. We there reiterated what we then took to be the established rule of this jurisdiction, that circumstantial evidence "must be not only consistent with the guilt of the accused but it must be inconsistent with any other rational conclusion." We adhered to this rule in *Lewallen v. State,* Wyo., 536 P.2d 148 (1975). I construe the majority opinion as holding that we will no longer apply this rule but will consider

"whether there is substantial evidence, direct or circumstantial, or both, which, with the reasonable inferences that may be drawn therefrom, will sustain the verdict."[1]

What bothers me, despite the assurance of the majority that we are merely abandoning a rule that is "wishy-washy, misleading and constantly raising questions as here" is that we play a word game and eliminate a test which I think must be applied in reaching a decision as to whether the jury's verdict is based on reasonable inferences. How can we conclude that a jury has properly weighed "the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference"[2] without reference to some standards?

I am not convinced at this time that *Holland v. United States*, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954), and other cases cited by the majority establish standards that are more workable and efficient in solving that problem.

Nor can I agree with Mr. Justice Thomas in his observation that application of the rule now abandoned by the majority means that the jury is to be advised that to find the defendant guilty beyond a reasonable doubt " 'the circumstances when considered together must point clearly *and conclusively* to the guilt' " of the defendant. This language he says "is very like

1. *Harris v. State,* Wyo., 487 P.2d 800, 801 (1971), reh. denied September 20, 1971.

2. *Holland v. United States,* 348 U.S. 121, 140, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

proving it beyond a *possible* doubt" which he says was long ago repudiated by this court. (Emphasis mine) The quotation including the word "conclusively" is found in *Gardner v. State,* 27 Wyo. 316, 196 P. 750, 752 (1921), as a quotation from *Davis v. State,* 18 Okl.Cr. 112, 193 P. 745, but I find nothing in the opinion of this court that indicates that it adopts that language. Reference is specifically made to *Horn v. State,* 12 Wyo. 80, 73 P. 705 (1903), mentioned in the concurrence, as not requiring proof beyond a possible doubt. I have found no other decision of this court indicating in any way that the circumstances must point conclusively to the guilt.

It has long been the attitude of this court that points not raised in the briefs and argued by counsel will not be considered by us yet the majority opinion seeks to do just that. I do not say that a change of viewpoint may not be desirable. I only say that I do not think it should be considered in the context of this case. I would therefore concur in the affirmance of the instruction as being consistent with the previous holdings of this court and then leave the matter.

ROSE, J., concurs in this dissent.