Anthony L. CANTRELL, Appellant (Defendant below),

v.

The STATE of Wyoming, Appellee (Plaintiff below).

No. 4708.

Supreme Court of Wyoming.

May 26, 1977.

Micheal K. Shoumaker, Badley & Shoumaker, Sheridan, signed the brief and appeared in oral argument on behalf of the appellant.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., Cheyenne, signed the brief, and Kirby Thomas, senior law student, University of Wyoming, Laramie, appeared in oral argument on behalf of the appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

PER CURIAM.

The appellant-defendant was found guilty of burglary following a jury trial. The district judge sentenced him to a penitentiary term of 4½ years to 10 years. Defendant's sole ground for appeal is that the State did not prove actual entry by the defendant into the building, an essential element of the offense charged. We affirm.

The defendant was prosecuted by information with a violation of § 6–129, W.S. 1957,[1] as follows:

"That Tony L. Cantrell late of the county aforesaid, on the 18th day of December, A.D. 1975 at the County of Sheridan in the State of Wyoming, did unlawfully and intentionally enter a building without the consent of the person in lawful possession and with intent to steal and commit a felony in that he did intentionally enter the Moose Lodge of Sheridan, Wyoming, without the consent of the Manager, George Williams, with the intent to steal lawful United States money. (6–129)"

At the trial Charles Howard testified that Jack Cantrell, the defendant and he broke into the Moose Lodge in Sheridan at about 2:30 a. m. on December 18, 1975. A large glass jar with money in it, identified as having been taken from the Moose Lodge, was retrieved from a room occupied by the three in the Cantrell home. There was evidence that defendant shared in the proceeds. Although Howard in his testimony was certain that Anthony Cantrell participated in the break-in, he did not have a present recollection for certain that Anthony Cantrell entered the building, though he

1. Section 6–129, in pertinent part, provides: "Whoever, intentionally enters, or attempts to enter, any of the following places without the consent of the person in lawful possession and with intent to steal or commit a

felony therein may be imprisoned not more than fourteen (14) years:
"(1) Any building or dwelling;
* * *"

had so said in his statement to the police. There was no other direct evidence that the defendant entered the Moose Lodge. However, police discovered three sets of footprints in fresh snow leading from the Moose Lodge to the Cantrell home. Testimony of a police officer was that the tracks entered the Moose Lodge and came back out again. The Cantrells' mother stated that Howard and the Cantrell brothers had come in about 4:00 a. m. Defendant's brother Jack and Howard were separately tried as to the cases against them.

While the evidence was not extensive, we consider all the direct and circumstantial evidence together sufficient to support the jury's verdict of guilty on the basis of an actual entry by the defendant. Direct evidence alone was not required. The jury is entitled to consider all the surrounding circumstances as well. *Blakely v. State*, Wyo.1975, 542 P.2d 857.

Since our holding as to the sufficiency of the evidence is dispositive of the appeal, it is unnecessary to reach any issue raised by the State.

Affirmed.