## No. 26578

## The People of the State of Colorado v. Randall Ray Voss
(552 P.2d 1012)

Decided August 3, 1976.

Stuart A. VanMeveren, District Attorney, Loren B. Schall, Assistant, Ronald L. Schultz, Chief Deputy, for plaintiff-appellant.

Don L. Nelson, for defendant-appellee.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an appeal pursuant to section 16-12-102, C.R.S. 1973, by the district attorney, from an order dismissing a criminal prosecution. The order appealed from is not the ordinary order of dismissal, but is stated in the alternative. The order as stated by the court:
"Court orders case dismissed or in the alternative if the record shows that the Defendant waived jeopardy by having the jury impanelled before the Motion to Suppress was heard, then the case is not dismissed but Jury is released and the People are allowed 10 days in which to perfect an interlocutory appeal. . . ."
The defendant Voss, with a codefendant who is not a party to these proceedings, was arrested and charged with the possession of marijuana. The defendant filed a motion to suppress the evidence three days prior to trial. He noticed the motion for hearing at 9:00 A.M. of the morning of trial, which was to commence at 9:30 A.M.
However, the motion was not heard prior to trial. The court impanelled and swore the jury to try the case, and the district attorney made his opening statement. The court then inquired of defendant's counsel if he wished to make an opening statement. At this juncture, counsel suggested that what he would have to say would be governed by the court's ruling on his motion to suppress. This is the first reference on the day of trial to the motion to suppress.
The court thereupon excused the jury and held a hearing on the motion to suppress. After a full evidentiary hearing and arguments on the motion, the court granted the motion to suppress.
The district attorney indicated to the court that he would be unable to proceed without the suppressed evidence. The court thereupon entered an order to dismiss. When the district attorney suggested that he wanted to take an interlocutory appeal from the court's order, the court stated that, in its opinion, jeopardy had attached.
The district attorney then contended that because of the late filing of the motion to suppress and the defendant's failure to insist upon the disposition of the motion prior to trial he had waived jeopardy.

■ As the result of the assertion of waiver, the court modified its order to dismiss by adding the alternative order. At this point in the proceeding, the trial court should have made the determination of whether "the record shows that the defendant waived jeopardy." It should not have been left to an appellate court to make such a determination in the first instance. Perhaps, it may be assumed from the court's positing of the issue that it considered the question to be one of law. In any event, the trial court should have made the initial ruling. In the interest of judicial economy, we will now rule on the issue rather than remand the matter to the trial court.

■ An examination of the record reveals no affirmative evidence of waiver. Approaching the issue as one of fact, we note that the record is clear that defendant's counsel specifically stated that he could not and would not waive jeopardy. We thus conclude that there was no waiver *in fact*.

Did the defendant, as a matter of law, as the district attorney contends, waive "jeopardy by having the jury impanelled before the Motion to Suppress was heard"? The question assumes that it is the defendant who is responsible for having the jury impanelled — that he controls the order in which the court proceeds. This, of course, is not true.

The rule which the district attorney appears to be relying upon is Crim. P. 41(e) relating to the suppression and return of unlawfully seized evidence. In pertinent part it provides:

". . . . The motion shall be made and heard *before trial* unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, *but the court*, in its *discretion, may entertain the motion at the trial*." (Emphasis added.)

The court, in the exercise of its discretion, entertained the motion after trial had commenced. We cannot read into the rule any intendment that the defendant is to be penalized because the court chose to hear and consider his belated motion.

The district attorney advised the trial court that he was going to treat the appeal as an interlocutory appeal under C.A.R. 4.1.(a). The court's alternative order was a recognition of this theory. The rule in pertinent part states:

"The State may file an interlocutory appeal in the supreme court from a ruling of a district court *granting a motion made in advance of trial* by the defendant for return of property and to suppress evidence . . . ; provided that the state certifies to the judge who granted such motion that the appeal is not taken for purposes of delay [of the trial] and the evidence is a substantial part of the proof of the charge pending against the defendant."

■ Interlocutory appeals are limited to motions to suppress,[1] and

---

[1] *People v. Thornburg*, 173 Colo. 230, 477 P.2d 372 (1970).

it is contemplated that the motion be disposed of prior to trial. The appeal in this case cannot be *interlocutory* because it is from a final order *after* trial; and, by definition, the section cannot be used to appeal the ruling on the jeopardy issue.

Inasmuch as we hold that jeopardy has attached and that the trial cannot be resumed, there is no justification for reviewing the suppression issue as an appeal under section 16-12-102,[2] C.R.S. 1973. Also, it is apparent from the record that the only reason the district attorney wanted the ruling suppressing the evidence reviewed was to obtain a reversal of the ruling and proceed with the trial.

The cause is remanded to the district court with directions to enter an order dismissing the case.

---

[2]"The prosecution may appeal any decision of the trial court in a criminal case upon any question of law. . . . Nothing in this section shall authorize placing the defendant in jeopardy a second time for the same offense." Sec. 16-12-102, C.R.S. 1973.