**F I L E D**

UNITED STATES COURT OF APPEALS

**JUN 6 1997**

TENTH CIRCUIT

TYRONE "McDANIEL" YAHWEH,

      Petitioner-Appellant,

v.

ARISTEDES W. ZAVARAS,
Executive Director, Department of
Corrections; GALE A. NORTON,
Attorney General of the State of
Colorado,

      Respondents-Appellees.

No. 96-1517
(D.C. No. 95-N-3258)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **BRORBY**, **EBEL**, and **KELLY**, Circuit Judges.

Petitioner-Appellant Tyrone "McDaniel" Yahweh was convicted by a

Colorado state court jury on two counts stemming from an incident in which

Yahweh had sexual intercourse with (and impregnated) his fourteen year-old half

sister.  Yahweh was 27 or 28 years old at the time.  The incident occurred in

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, *res judicata*, and collateral
estoppel.  The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

November 1991, but was not reported to law enforcement authorities until April 1992. On May 8, 1992, Yahweh was arrested. Yahweh was tried in December 1992, but the jury could not agree on a verdict. He was retried and convicted in March 1993, and sentenced to eight years in prison. The conviction and sentence were subsequently affirmed by the Colorado Court of Appeals. People v. McDaniel, No. 93-CA-0936 (Colo. Ct. App. Sept. 15, 1994) (unpublished order), cert. denied, No. 94-SC-645 (Colo. Mar. 27, 1995) (unpublished order).

Yahweh then brought the present petition for federal *habeas corpus* relief under 28 U.S.C. § 2254 (Supp. 1996), alleging that his Sixth Amendment right to a Speedy Trial was violated by the eleven-month period of incarceration to which he was subject prior to his conviction. The district court granted Yahweh's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(b) (as amended in 1996). A magistrate judge then recommended dismissal of Yahweh's petition, on the grounds that Yahweh had failed to exhaust his state remedies. Yahweh v. Zavaras, No. 95-N-3258 (D. Colo. Mar. 14, 1996) (Recommendation of Magistrate Judge Borchers). After considering Yahweh's objections, the district court adopted the magistrate judge's recommendation, and dismissed Yahweh's petition. Yahweh v. Zavaras, No. 95-N-3258 (D. Colo. Sept. 26, 1996) (Order of Dismissal).

In addition, the district court denied Yahweh's subsequent request for a certificate of appealability. Yahweh v. Zavaras, No. 95-N-3258 (D. Colo. Nov. 12. 1996) (Order Denying Certificate of Appealability). "In a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court, an appeal by the applicant for the writ may not proceed unless a district or a circuit judge issues a certificate of appealability. . . ." Fed. R. App. P. 22(b) (as amended in 1996); accord 28 U.S.C. § 2253(c)(1)(A) (as amended in 1996). Where, however, as here, the district judge denies a *habeas* applicant's request for such a certificate, "the applicant for the writ may then request issuance of the certificate by a circuit judge." Id. If, as here, "no express request for a certificate is filed, the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals." Id. Thus, we will consider Yahweh's notice of appeal to constitute a request for issuance of a certificate of appealability.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (as amended in 1996). If issued, the certificate of appealability shall indicate *which* specific issue or issues satisfy this showing. 28 U.S.C. § 2253(c)(3) (as amended in 1996).

In the present case, Yahweh has shown that he was incarcerated for eight months prior to his initial trial, and eleven months prior to his conviction. Further, he has alleged that Colorado's Speedy Trial Act, Colo. Rev. Stat. § 18-1-405 (1986 & Supp. 1996), is the only Speedy Trial Act in the United States which begins to run from the time of arraignment rather than the time of arrest, and that the United States Constitution requires that a "speedy trial" be measured from the time of arrest. Because we think that Yahweh's claims raise substantial constitutional questions, we hereby grant Yahweh's request for a certificate of appealability.

Nonetheless, we must deny Yahweh's application for a writ of *habeas corpus*. Under Section 104 of the Antiterrorism and Effective Death Penalty Act of 1996:

> [a]n application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1) (as amended in 1996). Section 104 applies *even* when it appears to a federal court that a state prisoner has made a substantial showing that he is being held in violation of his federal constitutional rights.

- 4 -

In the present case, Yahweh concedes that he has not exhausted his state court remedies. Indeed, he concedes that he never raised his Speedy Trial Claim at his trial, on his direct appeal, or in any state proceeding for postconviction relief. Yahweh claims, however, that he need not exhaust state processes because "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii) (as amended in 1996). Specifically, Yahweh claims that any proceeding in a Colorado state court would be futile because the Colorado courts have already decided the precise issue Yahweh raises, adversely to Yahweh's position. See Goodwin v. Oklahoma, 923 F.2d 156, 158 (10th Cir. 1991) (holding that exhaustion of state remedies is not necessary where the state's highest court has explicitly and recently addressed the precise issue advanced by a petitioner); Alvarez v. Turner, 422 F.2d 214, 216 n.3 (10th Cir.), cert. denied, 399 U.S. 916 (1970) (same).

In support of his claim, Yahweh cites an unpublished opinion of the Colorado Court of Appeals in which an identical federal constitutional challenge to Colo. Rev. Stat. § 18-1-405 (1986 & Supp. 1996) was rejected. See People v. Green, No. 92-CA-1728, slip op. at 8 (Colo. Ct. App. Dec. 2 1993) (unpublished Order), cert. denied, No. 94-SC-62 (Colo. Apr. 25, 1994) (unpublished Order). The defendant in Green had argued that Colo. Rev. Stat. § 18-1-405 (1986 & Supp. 1996) violates the Sixth Amendment by failing to begin the computation of

the permissible trial period from the date of arrest, and by allowing the state six months to begin the trial, rather than 120 days. Yahweh advances identical arguments here.

Despite the <u>Green</u> case, however, we must reject Yahweh's claim that recourse to the Colorado courts would be futile. As an initial matter, we note that <u>Green</u> was an unpublished opinion of the Colorado Court of Appeals, and is therefore not binding on any court in Colorado. Colo. App. R. 35(f). Indeed, even <u>published</u> opinions of a panel decision of the Colorado Court of Appeals are not binding on any other panel of that court. <u>See</u> <u>People v. Young</u>, 825 P.2d 1004, 1007 (Colo. Ct. App. 1991) (expressly declining to follow a recent opinion of a different panel of the same court). Thus, for present purposes, the decision of the <u>Green</u> panel is simply not equivalent to a binding opinion of the Colorado Supreme Court.

Further, Colorado courts have recognized the defect in the Colorado Speedy Trial Act of which Yahweh complains. Correspondingly, Colorado courts have been willing to recognize constitutional "speedy trial" claims even where the requirements of the Colorado Speedy Trial Act were fully complied with. <u>See, e.g.</u> <u>Barela v. People</u>, 826 P.2d 1249, 1255 n.5 (Colo. 1992) ("The fact that the defendant was accorded his *statutory* right to a speedy trial . . . does not necessarily resolve whether the delay occasioned by the dismissal of the

impaneled but unsworn jury and the rescheduling of the trial violated the defendant's *constitutional* right to a speedy trial or was otherwise violative of due process of law.") (emphasis in original); accord Gelfand v. People, 586 P.2d 1331, 1332 (Colo. 1978). Under these circumstances, we cannot agree that recourse to the Colorado courts would be "futile."

Finally, we note that under Colo. R. Crim. P. 35(c)(3), a prisoner "who is aggrieved and claiming either a right to be released or to have a judgment of conviction set aside on [constitutional] grounds . . . may file a motion at any time in the court which imposed sentence to vacate, set aside, or correct the sentence, or to make such order as necessary to correct a violation of his constitutional rights." We see no reason why Yahweh cannot avail himself of this procedure. We therefore hold that Yahweh has not exhausted his state remedies. See 28 U.S.C. § 2254(c) (as amended in 1996) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.").

Finally, we note that in the present appeal, Yahweh for the first time claims that he received ineffective assistance of counsel, and that the state trial judge was incompetent. These claims were neither raised in any Colorado state proceedings, nor in the district court below. We thus decline to reach them. See

- 7 -

Walker v. Mathers, 959 F.2d 894, 896 (10th Cir. 1992) (this court will not consider an issue on appeal that was not raised below).

We therefore AFFIRM the Order of the district court dismissing Yahweh's *habeas corpus* petition on the ground that Yahweh failed to exhaust his state remedies. We also DENY Yahweh's recently-filed Motion of Objection to Order, in which Yahweh asks us to reconsider our Order of May 2, 1997, denying Yahweh's request to submit a 101 page brief.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge